IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV237-03-MU

HAROLD FOSTER,                              )
                                            )
         Plaintiff,                         )
                                            )
    v.                                      )
                                            )           **O R D E R**
KEVIN BENFIELD, JEFFERY HUDSKINS;           )
R. DAVID MITCHELL                           )
                                            )
         Defendants.                        )
_____)

**THIS MATTER** is before this Court on initial review of Plaintiff's civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (Document No. 1) and Motion for Preliminary Injunction (Document No. 2) both filed on July 3, 2007. In his Complaint, Plaintiff alleges that Defendants Kevin Benfield, Jeffery Hudskins and R. David Mitchell violated his Constitutional rights by implementing a new policy at Mountain View Correctional Institution on June 25, 2007 requiring that cell doors be left open from 5:45 a.m. to 9:30 p.m. Plaintiff contends that such policy violated his rights by subjecting him to "thievery, assaults, and hand-crafted weapons that are common in the unsupervised environment of the open dorm." (Complaint at 3.) Plaintiff concedes that he has not been harmed since the new policy went into effect on June 25, 2007, however he contends that he should not have to "await a tragic event such as an actual assault before obtaining relief." (Id.) Plaintiff further concedes that while he has filed a grievance addressing this new policy on June 25, 2007, he has not exhausted such grievance procedure as his initial grievance "has not been addresses through Administrative Remedy Procedures yet by

defendants." (Id. at 2.)

It is well established that the Eighth Amendment obligates prison officials to take reasonable precautions to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994).  While, this obligation does not "mandate comfortable prisons" id. (citing Rhodes v. Chapman, 452 U..S. 337, 349 (1981), prison officials must take "reasonable measures to guarantee the safety of other inmates." Wilson v. Wright, 998 F.Supp. 650, 654 (E.D.Va. 1998) (citing Hudson v. Palmer, 468 U.S. 517, 526-27 (1984).  However, Prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 815 (1994). Farmer requires two elements: (1) that plaintiff was incarcerated under conditions posing a substantial risk of serious harm and (2) that defendant was deliberately indifferent to those conditions.  Id. at 834.  The first prong is objective and requires proof that a defendant's action or inaction resulted in or created a sufficient risk of harm. Id.  The second prong is subjective and requires a plaintiff to prove that a defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed] and [that defendant drew] the inference.  Here, Plaintiff alleges only that a new policy requires that cell doors remain open from 5:45 a.m. to 9:30 p.m.  Plaintiff claims that such policy subjects him to "thievery, assaults and hand crafted weapons."  Plaintiff's conclusory allegations do not support either prong of the two part test articulated in Farmer.  First, Plaintiff has not established the first prong, that he was incarcerated under conditions posing a risk of serious harm.  The open cell policy does not, in and of itself, establish conditions posing a substantial risk of serious harm.  Next, Plaintiff does not contend that he has been the subject of any stealing or assaults nor does he contend that any other prisoners have had such things happen to them in any greater frequency than prior to the

new open cell policy.  Instead, Plaintiff asks this Court "to use the 'fact' of inmate assaults within penal institutions, ... as evidence in the risk that the above policy places my person in greater danger of more assaults occurring." (Complaint at 3.)  Plaintiff's allegations are simply too conclusory to state a claim for relief.  Therefore, Plaintiff's Complaint is dismissed.

Next, the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions.  There is no doubt that the PLRA's exhaustion requirement is mandatory.  See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) citing Porter v. Nussle, 534 U.S. 516, 524 (2002) ("once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory.  All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective.  Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."  When considering a motion to dismiss for failure to exhaust, the district court must determine whether exhaustion was complete at the time of filing, not at the time when the court is rendering its decision on the Motion to Dismiss. Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003).

In his Complaint, Plaintiff concedes that, at the time Plaintiff filed his Complaint, he had not exhausted his administrative remedies.  Plaintiff filed one grievance regarding the allegations contained in his Complaint prior to the filing of this lawsuit.  However, as admitted by Plaintiff, that grievance has not yet made its way through the three step grievance process yet.  Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear from the face of Plaintiff's Complaint that he has not exhausted his

administrative remedies prior to filing his Complaint, Plaintiff's Complaint is dismissed. Anderson v. XYZ Correctional, 407 F.3d 674, 682 (2005).

**THEREFORE, IT IS HEREBY ORDERED** that:

(1) Plaintiff's Complaint is dismissed for failure to state a claim for relief pursuant to 28 U.S.C. §1915A(b)(1). In the alternative, Plaintiff's Complaint is dismissed for failing to fully exhaust his administrative remedies prior to filing his Complaint

(2) Plaintiff's Motion for a Preliminary Injunction is denied for the same reasons that support dismissal of Plaintiff's Complaint.

**SO ORDERED**.

Signed: July 16, 2007

Graham C. Mullen
United States District Judge