IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV237-03-MU

| | |
|---|---|
| HAROLD FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| KEVIN BENFIELD et., al, ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Plaintiff's Verified Statement regarding his administrative remedies indicating that he did not exhaust his administrative remedies. On the top of such verified statement, Plaintiff handwrote "Motion to Dismiss Without Prejudice Pursuant to F.R.Civ. Pro. (Rule 12)" (Document No. 6) filed August 24, 2007

On July 3, 2007 Plaintiff filed a civil rights Complaint filed pursuant to 42 U.S.C. § 1983 (Document No. 1) and Motion for Preliminary Injunction (Document No. 2). In his Complaint, Plaintiff alleged that Defendants Kevin Benfield, Jeffery Hudskins and R. David Mitchell violated his Constitutional rights by implementing a new policy at Mountain View Correctional Institution on June 25, 2007 requiring that cell doors be left open from 5:45 a.m. to 9:30 p.m. Plaintiff contended that such policy violated his rights by subjecting him to "thievery, assaults, and hand-crafted weapons that are common in the unsupervised environment of the open dorm." (Complaint at 3.) Plaintiff conceded that he had not been harmed since the new policy went into effect on June 25, 2007, however he contended that he should not have to "await a tragic event such as an actual

1

assault before obtaining relief." (Id.) Plaintiff further conceded that while he has filed a grievance addressing this new policy on June 25, 2007, he had not exhausted such grievance procedure as his initial grievance "has not been addresses through Administrative Remedy Procedures yet by defendants." (Id. at 2.)

By Order dated July 16, 2007, this Court dismissed Plaintiff's Complaint for failure to state a claim for relief pursuant to 28 U.S.C. §1915A(b)(1) and in the alternative, for failing to fully exhaust his administrative remedies prior to filing his Complaint (Document No. 4.)

Given that this Court has already considered and denied Plaintiff's Complaint on the merits, the instant motion, to dismiss without prejudice, is denied as moot.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice (Document No. 6) is DENIED as moot.

**SO ORDERED**.

Signed: August 28, 2007

Graham C. Mullen
United States District Judge